# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

STEVEN ROSS and CHRISTINE ROSS, )
)
                Plaintiffs, )
)
vs. ) Case Number CIV-13-758-C
)
PUBLIC STORAGE, )
)
                Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this action seeking to recover monetary damages for property that was lost while stored in a storage facility operated by Defendant. Plaintiffs allege that Defendant was negligent in securing the premises and that negligence permitted a third party to steal their property. Defendant filed the present Motion for Summary Judgment alleging that the terms of the lease agreement executed by Plaintiff Christine Ross on behalf of both Plaintiffs barred the claim brought by Plaintiffs. Although the time to respond to Defendant's Motion for Summary Judgment has passed, Plaintiffs have neither responded nor sought additional time in which to respond. Accordingly, pursuant to LCvR56.1(c), the well-supported facts set forth by Defendant will be deemed admitted for purposes of this motion.

Defendant argues that paragraph 4 of the lease agreement for the storage unit is the decisive factor in this case. In pertinent part, that paragraph states:

> To the extent Tenant does not obtain insurance coverage or does not obtain insurance for the full value of Tenant's personal property stored in or on the Premises, Tenant agrees Tenant will personally assume all risk of loss, including damage or loss by burglary, fire, vandalism or vermin. **Landlord and Landlord's agents, affiliates, authorized representatives and**

**employees ('Landlord's Agents') will not be responsible for, and Tenant hereby releases Landlord and Landlord's Agents from any responsibility for, any loss, liability, claim, expense, damage to property or injury to persons ('Loss') that could have been insured (including without limitation any Loss arising from the active or passive acts, omission or negligence of Landlord or Landlord's Agents) (the 'Released Claims').**

See Dkt. No. 18-1, ¶ 4 (emphasis original). Plaintiff Christine Ross initialed this paragraph when signing the agreement leasing the storage unit from Defendant. As Defendant notes, the question is whether that contract provision is enforceable against Plaintiffs and bars their claim for recovery. Under Oklahoma law, exculpatory clauses will be enforced so long as "(1) the 'clause clear[ly] and unambiguous[ly]' exonerates the defendant with respect to the claim; (2) there was 'no vast difference' in the bargaining power of the parties when they entered into the contract; and (3) enforcement of the clause will not violate public policy." Union Pacific R.R. Co. v. U.S. ex rel. U.S. Army Corps of Eng'rs, 591 F.3d 1311, 1321 (10th Cir. 2010) (quoting Schmidt v. United States, 1996 OK 29, ¶ 8, 912 P.2d 871, 874).

As for the first requirement, the provisions set forth above "'clearly and cogently (1) demonstrate an intent to relieve [Defendant] from fault and (2) describe the nature and extent of damages from which [Defendant] seeks to be relieved.'" Otis Elevator Co. v. Midland Red Oak Realty, Inc., 483 F.3d 1095, 1105 (10th Cir. 2007) (quoting Schmidt, 1996 OK 29, ¶ 10, 912 P.2d at 874).

The Court finds that paragraph 4 of the lease agreement clearly explained to Plaintiffs that they were releasing Defendant from any liability for claims brought as a result of loss of their property. Therefore, the first element is met.

As for the issue of the bargaining power between the parties, Defendant has offered an exhibit demonstrating the vast array of other options available to Plaintiffs for storage of their materials, should they have not wanted to agree to the terms offered by Defendant. When a party has free choice to obtain alternate services, bargaining power is relatively equal. See Schmidt, 1996 OK 29, at ¶ 11, 912 P.2d at 874. Thus, paragraph 4 satisfies the second element of being an enforceable exculpatory clause.

Finally, as to the question of violation of public policy, Oklahoma has held that an exculpatory clause violates public policy only if the clause "'patently would tend to injure public morals, public health or confidence in the administration of the law . . . [or] destroy the security of individuals' rights to personal safety or private property.'" Union Pacific, 591 F.3d at 1321 (quoting Schmidt, 1996 OK 29, ¶ 12, 912 P.2d at 975). Nothing in the exculpatory clause at issue here would run afoul of public policy. Rather, it is a term agreed to by the parties to allocate responsibility for protection from loss. The clause made it clear to Plaintiffs if they wished to be protected for the loss of their property, they were obligated to procure and maintain insurance for that protection and that they were releasing Defendant from liability for any loss. Therefore, the third element also weighs in favor of Defendant.

Having found that the terms of the lease between the parties contained a valid and enforceable exculpatory clause which bars the claims raised by Plaintiffs in this matter, the Court finds that Defendant is entitled to summary judgment.

For the reasons set forth herein, Defendant Public Storage's Motion for Summary Judgment (Dkt. No. 18) is GRANTED. A separate judgment shall issue.

IT IS SO ORDERED this 27th day of March, 2014.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge